PEOPLE *ex rel.* GOODALE *v.* BOARD OF EDUCATION OF DEER PARK.

(*Supreme Court, General Term, Second Department.*   May 14, 1888.)

1. SCHOOLS AND SCHOOL-DISTRICTS—SPECIAL MEETINGS—NOTICE.
    Under Laws N. Y. 1864, c. 555, as amended, (Laws 1875, c. 567,) providing that no business shall be transacted at a special meeting of the voters of a school-district except that which is specified in the notice, notice of a meeting called for the purpose of appropriating money to build a school-house is sufficient to give the voters power over the plans for a building.
2. SAME—ANNUAL MEETING—SELECTION OF PLANS FOR NEW SCHOOL-HOUSE. ᵃ
    Under Laws N. Y. 1886, c. 595, providing that no tax for building any new school-house shall be voted at an annual meeting unless notice of the proposition is given, an order passed at such meeting directing plans for a new school-house, without the notice, is of no validity as against a subsequent order upon that subject, passed at a special meeting held upon the notice required by law.

Appeal from special term, Orange county; C. F. BROWN, Justice.

Motion by the people *ex rel.* Augustus B. Goodale against the board of education of Deer Park for an alternative writ of *mandamus.*   Motion denied, and relator appeals.   Laws N. Y. 1864, c. 555, as amended, (Laws 1875, c.

567,) provide that no business shall be transacted at a special meeting of the voters of a school-district except that which is specified in the notice of the meeting. Laws 1886, c. 595, provides that no tax for building any new school-house shall be voted at an annual meeting unless notice of the proposition is given.

Argued before BARNARD, P. J., and PRATT, J.

Lewis E. Carr, for appellant.    O. P. Howell, for respondent.

BARNARD, P. J. The defendant, representing the free school district, proposed to erect a new school-house in Deer Park; and, to obtain the assent of the voters, called a special meeting, in accordance with law permitting such special meeting. At this meeting the voters appropriated the money to build the school-house. The board invited plans and proposals for the building, and these were made and accepted in July, 1887. The regular meeting of the district was held on the 30th August, 1887, and at this meeting it was voted, at the instance of relator, that the board should make the main entrance from Main street. The lot was on the corner of Main street and Sullivan avenue. The plans adopted by the board made the main entrance from Sullivan avenue. It was found by the board that there was an irregularity in calling the special meeting in July, and a new special meeting was called for September 12, 1887 At this meeting the plans were submitted, and an appropriation for the building was made, "the plans of which were left entirely with said board." The special meeting was called for the express purpose of appropriating money to build the school-house. The notice was sufficient to give the voters power over the plan; for this is involved in the power of appropriation for a building. It is doubtful if the general annual meeting had any power over the subject. Some things the meeting could do, but could not vote a tax or a new school-house without a preceding four weeks' notice. Chapter 595, Laws 1886. If it could not erect a new building, it could not direct its size and cost, and thus restrict the special meeting, which unquestionably is given power over the subject. Chapter 555, Laws 1864; chapter 567, Laws 1875. There was no conflict as to the facts which rendered an alternative writ of mandamus proper. Whether the plans which the board of education say were at the special meeting were or not is wholly immaterial. The special meeting had full power to supersede the resolution of the annual meeting, and that was done when the plan was left to the judgment of the board of education. The order should be affirmed, with costs and disbursements.

PRATT, J., concurring.